Deaderick, Ch. J.,
delivered the opinion of the court:
The plaintiff sued defendant before a justice of the peace, “in a plea of debt due for damages to the person,” under $500. The justice rendered judgment in favor of the'defendant, and plaintiff appealed to the circuit court. Yerdict and judgment were there rendered in favor of defendant, and the plaintiff appealed to this court. The referees recommended an affirmance of the judgment, and the plaintiff has excepted to their report. The exception taken is to the charge of the court.
The plaintiff was a “rouster” on a boat running between Memphis and Arkansas City, under the defendant. His duties were to assist in loading and unloading freight, under the direction of the first mate. While so engaged some words passed between plaintiff and the mate, and the *266 latter struck him, and for this plaintiff brings Ms suit against tlie company to recover damages. Tke part of the charge to which exception, is taken is as follows"If you find the mate was -employed or directed by the defendant to do this wrong, or that it was within the ordinary course of the duties which he was employed to do/’ the defendant is liable; -if not, the defendant is not liable. ISTo other part of the charge is copied in the record, or excepted to, and the presumption is that it was in all respects correct. It is, in substance, if' the mate was directed to commit the assault, or if it was committed in the course, and within the scope, of his' employment, defendant would be liable; if not, he would not be liable. There is certainly m> error in the charge.
But the argument- is that, the mate being an employe of defendant, the latter is liable for the torts of the former, committed while so employed. The immediate cause of the difficulty was that the mate required- the plaintiff to walk faster in carrying in bags of freight, from which words followed, and the b-low or blows were struck. In Puryear v. Thompson, 5 Hum., 397, Judge Green, delivering the opinion of the court, said: “Ho principle is better settled than that a master is liable- for the injuries done to others by his servant’s negligent conduct while in his employment; and it is equally well settled that he is not liable for his servant’s torts, or willful acts, done without his authority;.” citing Story, Ag., 470, note, 474, 475; Story, Bailm., 266; Kirby v. State, 7 Yer., 267. And in Cantrell v. Colwell, 3 Head, 474, and Lowe v. State, 14 Lea, 204, the same doctrine is held and authorities cited.
It is clear that in this case the act complained of was not done within the scope of the servant’s employment, and the defendant is not liable. The report is approved, and the judgment will be affirmed;